**WENTZ et al. v. BOARD OF COM'RS OF LINCOLN COUNTY et al.**

No. 21686. Opinion Filed Dec. 23, 1930.

Rehearing Denied Feb. 17, 1931.

W. C. Lewis, Asst. Atty. Gen., for plaintiffs in error.

Irwin & Irwin and John Embry, Co. Atty., for defendants in error.

SWINDALL, J. This case was originally commenced in the district court of Oklahoma county by the board of county commissioners of Lincoln county, Okla., against L. H. Wentz, L. C. Hutson, and S. C. Boswell, as members of the State Highway Commission of Oklahoma, J. E. McDonald, as secretary of said Commission, and John F. Rightmire, as acting state highway engineer. Thereafter certain other parties were by leave of court made parties to the action; however, they are not necessary to a determination of the issues before the court. The parties will hereafter be referred to as they appeared in the court below.

On August 29, 1929, a temporary injunction was granted by Honorable Wyley Jones, district judge. On the 6th day of May, 1930, the temporary injunction theretofore granted was by stipulation of the plaintiffs and defendants modified to the extent that the State Highway Commission may advertise and award a contract for the building and construction of that portion of Federal Highway No. 66, involved in this action and described as follows:

"Beginning on the section line at the intersection of sections 19, 24, 25 and 30, township 14 north, range 1 east, same being designated as shown by map attached hereto as station 1715-16.5, and following the line designated in said plat through sections 19, 20, 21, and 22 of said township and range to a point on the section line to the northeast corner of section 22, township 14 north, range 2 east, same being approximately one-half mile south of the southwest corner of the incorporated limits of the town of Wellston, Okla., the entire route being approximately four miles in length.

"And in said stipulation it is agreed that the Highway Commission may advertise, in addition to the grading and drainage of said road, for contracts to build bridges thereon as shown by the plans and specifications of the State Highway Department covering the four miles described in said plat; that the Commission may expend any money belonging to Lincoln county for the purpose of car-

rying out contracts for the grading and draining of said highway, or the building of bridges thereon, and that in order to have a passable road over said route while the same is being prepared for building a permanent hard-surfaced road thereon, the Highway Commission may let contracts for the purpose of topping the same with maintenance gravel, and in said stipulation it was further agreed that the injunction theretofore entered by this court may remain in full force and effect in so far as it covers that portion of the highway beginning at the northeast corner of section 22, said township and range, and thence north through the town of Wellston, Okla., and that portion of the road involved as suggested by the Highway Commission from the northeast corner of section 22, aforesaid, and running on the section line to the northeast corner of section 23, township 14 north, range 2 east, and that the controversy involved as to these projects and the construction thereof will be held in abeyance until the same are judicially determined by this court, or the Supreme Court, in the event either side appeals from the judgment finally rendered in this court."

On May 14, 1930, the district court of Oklahoma county entered a permanent injunction against the defendants and their successors, agents, servants, employees, contractors, and associates of every kind and nature perpetually enjoining them from accepting any bid or making any contract or expending any money in grading, drainage, bridges, hard-surfacing, or other construction of that part of the project advertised for letting on August 21, 1929, described as follows:

"That part of Oklahoma federal aid project No. 137-E. L., same being 5.307 miles on U. S. No. 66 in Lincoln county, Okla., from south of Wellston, station 143-94.50 to Oklahoma county line, station 1715-16.50, being that part extending from the northeast corner of section 22, township 14 north, range 2 east of the Indian Meridian, Lincoln county, Okla., west one mile to the northeast corner of section 22; township 14 north, range 2 east of the Indian Meridian, Lincoln county, Okla.; and are further perpetually enjoined from the expenditure of any money or funds for the maintenance of such road, and from the use, maintenance, repairing, marking, mapping or platting of such highway in any manner or character whatsoever; and are further perpetually enjoined and forbidden to construct, use, maintain, repair, mark, map or plat, any other road, location or route as a federal or state highway between said points except upon the following location and route: Beginning at the northeast corner of section 23, township 14 north, range 2 east, and following the present pavement approximately eight-tenths (.8) of a

mile in a northwesterly direction to the south end of Seventh avenue of the town of Wellston, Lincoln county, Okla., thence six blocks along said avenue to the main street of said town; thence west along the main street of said town five blocks; thence in a southwesterly direction along the south side of the right of way of the St. Louis-San Francisco Railroad to the section line between the town site of Wellston, and the northeast quarter of section 15, township 14 north, range 2 east of the Indian Meridian, and thence south along said section line about eight-tenths (.8) of a mile to the northeast corner of section 22, township 14, range 2, east, Lincoln county, Okla., and further perpetually enjoined and forever forbidden from taking any action or proceeding to change, alter, or vary the said route of said federal and state highway; and are required and ordered to immediately remove all markers, cut-offs, and detour signs thereon and therefor, and perpetually enjoined and forbidden to replace the same or any others. * * *"

To the granting of the final injunction, the defendants saved their exceptions and gave notice of their intention to appeal to this court. The issues in this case are the same as presented in No. 20986, Lew Wentz, C. M. Boswell and L. C. Hutson, as Members of and Constituting the State Highway Commission of the State of Oklahoma, and Paul Prince, O. C. Lippert, D. E. Mosier, as Members of and Constituting the Board of County Commissioners of Lincoln County, Okla., Plaintiffs in Error, v. Oliver Ingenthron et al., Defendants in Error, decided Nov. 25, 1930, 146 Okla. 165, 294 Pac. 154. In that case we held:

"1. When funds are raised by the issuing of bonds or by taxation for a designated purpose, they cannot be diverted to some other purpose.

"2. Where the resolution and proclamation of the board of county commissioners calling for an election for the purpose of voting bonds for the construction of permanent roads, designate the roads to be constructed, the board has no authority to spend the proceeds of such bonds on other roads and highways than those designated in the resolution and proclamation and where such funds are by the board of county commissioners delivered to the State Highway Commission under a contract that said funds will be used for the purpose of constructing such highways, and that the State Highway Commission will furnish the necessary funds to complete all of the roads designated over and above the amount contributed by the county, then the State Highway Commission is without authority to divert said funds turned over to it by the board of county commissioners under such contract for the construction of

roads other than those designated, and have no authority to materially change the location of the roads from the place designated in the resolution and proclamation.

"3. When officers of the state act under invalid authority, or exceed or abuse their lawful authority, and thereby invade private rights that are secured by the Constitution, an action to redress injuries caused by the unauthorized act is not a suit against the state, since the acts of officials that are not legally authorized, or that exceed or abuse authority of discretion conferred upon them, are not acts of the state.

"4. Illegal action taken by state officials may be enjoined, when the ordinary remedies afforded by the courts of law are inadequate.

"5. The State Highway Commission is created and vested with powers and duties necessary to fully and effectively carry out all of the objects of the act creating it, and when acting consistently with said act, it cannot be enjoined from using the funds in its possession and under its control in constructing and improving highways which it is authorized to construct and maintain, except such funds as are raised by the issuing of bonds or taxation for a designated purpose; such funds must be used for the purpose raised and designated."

It is further contended in this case that when the State Highway Commission complete the cut-off road they will not complete the road in accordance with the resolution and proclamation of the board of county commissioners calling for an election for the purpose of voting bonds for the construction of permanent roads in Lincoln county, Okla., and designating the roads to be constructed.

We attempted to point out in the decision last referred to that the Highway Commission had entered into a valid and binding contract with the board of county commissioners of Lincoln county, Okla., to build certain highways and that it was the duty of the Highway Commission to complete the designated highways and to do so within a reasonable time, according to the terms of its contract with Lincoln county, and that the State Highway Commission was a part of the executive branch of the government of the state of Oklahoma and this court had no power or jurisdiction to interfere with the State Highway Commission as a part of the executive branch of the state government so long as it acts within the law.

We think the State Highway Commission, under the act creating it, has the authority to construct the cut-off road. Section 1 of article 4 of the Constitution of this state provides that:

"The powers of the government of the state of Oklahoma shall be divided into three separate departments: The legislative, executive, and judicial; and except as provided in this Constitution, the legislative, executive, and judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others."

So we must hold that the State Highway Commission is created and vested with powers and duties necessary to fully and effectively carry out all of the objects of the act creating it, and when acting consistently with said act, it cannot be enjoined from using the funds in its possession and under its control in constructing and improving highways which it is authorized to construct and maintain.

We have held that the State Highway Commission cannot use funds raised by the issuing of bonds or taxation for a designated purpose for some other and different purpose, because, if they should attempt to do so, they would exceed or abuse their lawful authority and their acts would be unauthorized, since the acts of the officers of the executive branch that are not legally authorized or that exceed or abuse authority of discretion conferred upon them are not acts of the state.

We cannot control the policy of the executive branch of the state government, if we were inclined to do so, and so long as the executive branch acts within its constitutional and statutory powers, the judicial branch cannot and is not going to interfere or attempt to exercise the powers properly belonging to the executive branch.

We are convinced that the permanent injunction granted by the district court of Oklahoma county clearly exceeded the powers and jurisdiction of that court, and that the same should be vacated and set aside, and said cause be, and the same hereby is, reversed and remanded to the district court of Oklahoma county, with directions to vacate said permanent injunction against the defendants L. H. Wentz, L. C. Hutson, and S. C. Boswell, as members of the State Highway Commission, and enter a judgment against them from using any of the $900,000 turned over to the State Highway Commission by the board of county commissioners of Lincoln county, Okla., in building the cut-off road, and that in all other respects the injunction be denied and refused, and to dismiss said cause as to defendants Clarence

Emrick, O. E. Stewart, S. J. Thompson, and Roy Ward, cross-petitioners in error, for the reason they were not necessary parties to the appeal, and the issues raised by them are fully determined in the case between the original parties.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, HEFNER, and CULLISON, JJ., concur. CLARK, J., absent. ANDREWS, J., disqualified and not participating.