**WENTZ et al. v. DAWSON et al.**

No. 20621.   Opinion Filed May 19, 1931.

J. Berry King, Atty. Gen., and W. C. Lewis, Asst. Atty. Gen., for plaintiffs in error.

J. L. Vertrees, Anderson & Anderson, and Arthur J. Marmaduke, for defendants in error.

SWINDALL, J. The plaintiffs in error constitute the State Highway Commission of the state of Oklahoma and certain employees thereof and certain county officials of Jefferson county, Okla.; the defendants in error are residents of Jefferson county, Okla., and voters and taxpayers therein. This suit was brought by the defendants in error, as plaintiffs, against the plaintiffs in error as defendants, both in their individual and official capacities, and was for injunction and mandamus. Hereafter the parties will be referred to as they appeared in the court below. The plaintiffs seek to enjoin the State Highway Commission from using any portion of $200,000 delivered by the board of county commissioners of Jefferson county to the State Highway Commission for the purpose of constructing highways in Jefferson county and to restrain the board of county commissioners of Jefferson county from delivering any of the balance of $400,000 derived from the road bond issue of said county to the State High-

way Commission, and enjoining the Highway Commission from expending any of the funds deposited by the county commissioners of Jefferson county, Okla., in surveying and constructing a state highway except on route now designated as State Highway No. 2, and from surveying, preparing plans and specifications, and constructing highways in Jefferson county, Okla., on any route other than said Highway No. 2. The plaintiffs also petition for an alternative writ of mandamus commanding and directing the State Highway Commission to make, prepare, and complete a survey for the construction of a highway through the towns of Waurika, Ryan, and Terral, Okla., to Red river and following State Highway No. 2, and upon completion thereof to advertise for bids and let a contract for the building of a highway on said route. The petition is lengthy and it is found in the case-made at pages 2 to 20, inclusive. We will only set out such portions of the same as we deem necessary for a complete understanding of the issues. The petition, among other things, alleges that heretofore on and prior to May 13, 1927, certain negotiations were had between the taxpayers and voters of Jefferson county, Okla., and persons who were then the members of the State Highway Commission of the state of Oklahoma for the purpose of instituting a project for the permanent improvement of certain state and federal highways located in Jefferson county; that during said time the members of the State Highway Commission came to Jefferson county and met with a mass meeting of the voters of said county and urged the voters of said county to vote a road improvement bond issue to obtain funds for such projects; the said members of the State Highway Commission proposing that if the county would issue its bonds for one-third of the money required for that purpose, the State Highway Commission of the state of Oklahoma would contribute the other two-thirds from the state and federal money that it had or would later have at its disposal for such purpose; that on May 13, 1927, at a meeting held between representatives of Jefferson county and the State Highway Commission a tentative agreement was reached and entered upon the minutes of the State Highway Commission as follows:

"Jefferson county having under consideration the proposition to vote a bond issue of $600,000 for the purpose of building paved roads, it was moved by Parker and seconded by Bunch that the Commission agree to match this fund in the ratio of two to one as the money becomes available. the money to be used to pave the present Meridian Highway with any type of paving which they deem best, the pavement to begin at

the north line of the county connecting with the Stephens county paving to the towns of Addington, Waurika, Terral and Ryan, to the county line, following the present marked and maintained road as nearly as practicable. Then to use the remainder of the money for grading, drainage and paving of Highway No. 5 from the Carter county line to the towns of Ringling and Waurika, from Waurika over Highway No. 32 to Hastings with full width paving, or as much as the money or means will permit, provided that at least one-third of the money shall be used on the east and west road, and be it further provided that at least one mile of paving shall be placed through Ringling, one mile through Hastings, two miles in Mud Creek bottom, two miles in the Beaver bottom, and the rest of the paving as the Highway Commission may designate."

That at or about this time or shortly thereafter petitions were circulated in Jefferson county, Okla., and were signed by several hundred legal voters of said county asking the county commissioners to call an election to submit to the voters of said county the proposition of whether or not the county should issue its bonds in the sum of $600,000 for the purpose of constructing permanent roads in said county; the said petitions were in words and figures as follows:

"Petition for Road Bond Election."

"May 28, 1927.

"To the Honorable Board of County Commissioners of Jefferson County, Okla.:

"We, the undersigned, legal and qualified voters of Jefferson county, state of Oklahoma, hereby petition the honorable board of county commissioners of Jefferson county, Okla., to call a special election for the purpose of submitting to the qualified voters of said county the question of the issuance of the bonds of said county to the amount of $600,000 for the purpose of constructing permanent county roads in said county; the said $600,000 to be used in conjunction with $1,200,000 state and federal aid for the following purposes:

"'(1) To grade, drain and pave the Meridian Highway, otherwise known as State Highway No. 2, or Federal Highway No. 81, with any type of pavement which the State Highway Commission may deem best, from the north line of Jefferson county, connecting with the Stephens county paving, to the towns of Addington, Waurika, Ryan and Terral, to the south line of Jefferson county, following the present marked and maintained highway as nearly as practicable.

"'(2) To use the remainder of said money for the grading, draining and paving of State Highway No. 5 from the Carter county line to the towns of Ringling and

Waurika, and from Waurika over State Highway No. 32, to Hastings and the Cotton county line, with full width paving, or paving as much of said route with full width paving as the said money available will permit, provided that at least one mile of paving shall be placed through Ringling, one mile of paving shall be placed through Hastings, two miles of paving shall be placed in Mud Creek Bottom, two miles of paving shall be placed in Beaver Creek Bottom, and the rest of the paving shall be located at such place or places as the State Highway Commission may designate.

"'Provided, that at least one-third of the money made available from said bond issue and from the state and federal aid shall be used on the east and west road, that is, on highways Nos. 5 and 32.'"

On June 6, 1927, the board of county commissioners passed a resolution calling an election and issued a proclamation providing for the holding of said election. There was an error in the description of the east and west road and a protest was filed with the commissioners, so they met again on June 16th and passed a resolution calling an election as prayed for in the said petitions which had been presented to them submitting to the qualified voters of the county the proposition of whether or not the proper officers of the county shall be authorized to issue bonds of the county in the sum of $600,000 for the purpose of constructing permanent roads. In respect to the location of said roads on which the money was to be expended the resolution provided in part as follows:

"A northerly and southerly paved road, the location being the present Meridian Highway beginning at the north line of the county connecting with the Stephens county pavement, thence to the towns of Addington, Waurika, Ryan, and Terral, to the south county line, following the present Meridian Highway as nearly as practicable."

On the same day the board of county commissioners issued their proclamation calling such election to be held on July 19, 1927. This proclamation contained a provision for the location of the road exactly the same as the terms of the resolution. The election was held according to notice and a canvass of election returns showed that 2,479 votes were cast for the issuance of the bonds and 512 were cast against the same. The board of county commissioners then by resolution declared the proposition carried and entered an order providing for the issuance of the bonds and the making of levy for the payment of the principal and interest thereon as they should mature. On August 10, 1927, the board of county commissioners of said county met with the said

Highway Commission in the office of the State Highway Commission at Oklahoma City, Okla., and a written contract was entered into in due form between Jefferson county, Okla., acting through its board of county commissioners, and the State Highway Commission of the state of Oklahoma. The contract provides for the construction of the road involved herein in accordance with the petitions, proclamation, and election notice. The plaintiffs further allege that the State Highway Commissioners are attempting to and will unless enjoined and restrained, divert funds raised by the issuance of said bonds in the construction of a road or roads at a different place. A temporary injunction was issued and served upon the defendants. By the order of injunction the State Highway Commissioners were "restrained and enjoined from advertising for bids or letting a contract to construct and build State Highway No. 2, Jefferson county, Okla., U. S. Highway No. 81, known as the Meridian Highway, and from expending any further or other funds delivered to said State Highway Commissioners by the board of county commissioners of Jefferson county, Okla., for the purpose of constructing said highway and from surveying or performing any other act in furtherance of the construction of the said highway in violation of and contrary to the terms and conditions of a certain contract made and entered into between the board of county commissioners of Jefferson county, Okla., and the Highway Commission of the state of Oklahoma, on August 10, 1927, wherein the State Highway Commission of the state of Oklahoma are having surveyed by its engineers a route for the location of the said highway different from the location voted for by the people of Jefferson county, Okla., and as provided for by the terms and conditions of the contract of August 10, 1927, and the defendants D. A. Cathey, A. L. Dunkin, and Ed Bean, as hereinafter identified and described, be and you and each of you are hereby restrained and enjoined from paying out any of the money under their control derived from the sale of Jefferson county bonds for the construction of state Highway No. 2, Jefferson county, Okla., and locating at a different place said highway from that provided for in the contract of August 10, 1927, with the State Highway Commission of the state of Oklahoma and as provided for by the votes of the people on July 19, 1927, or to do or perform any act on their part that will alter or change the location of said highway as herein specifically set forth, and the defendant Earl Stubblefield, individually, and as engineer for the State Highway Commission of the state of Oklahoma, having in charge the surveying of State Highway No. 2, U. S. Highway No. 81, in Jefferson county, Okla., be enjoined and restrained from surveying or performing any duties as surveyor or engineer in the location of state Highway No. 2, U. S. Highway No. 81, or from altering or changing the location of said highway different from the location provided for in the proceedings for the issuance of bonds of Jefferson county, Okla., and the contract between the board of county commissioners of Jefferson county, Okla., and the State Highway Commission of Oklahoma, on August 10, 1927, and the defendant Ed McDonald, individually, and as secretary of the State Highway Commission of the state of Oklahoma, be restrained and enjoined from performing any of his duties as such secretary for the location of state Highway No. 2, U. S. Highway No. 81, Jefferson county, Okla., in locating, changing, or altering said highway at points different from that provided for in the contract of August 10, 1927, between the board of county commissioners of Jefferson county, Okla., and the Highway Commission of the state of Oklahoma, and in changing and altering the location of said highway at points different from the location provided for in the issuance of Jefferson county bonds for the construction of said highway, and the defendant G. M. Benton, individually, and as county treasurer of Jefferson county, Okla., be and you are hereby enjoined and restrained from the paying out or delivering to the State Highway Commission of the state of Oklahoma any of the funds or money now in your possession and under your control as such county treasurer derived from the sale of bonds in Jefferson county, Okla., as voted for by the people of said county to construct state Highway No. 2, U. S. Highway No. 81, until otherwise ordered or directed by this court."

A motion was made by the defendants to dissolve the temporary injunction, which was by the court denied, and the defendants gave notice of appeal to the Supreme Court from the order refusing to modify or vacate the temporary injunction. The defendants contend, first, that the court erred in overruling the motion of the defendants to dissolve the temporary injunction in said cause. The Attorney General of the state of Oklahoma, as counsel for the defendants, the State Highway Commission and others, in his brief states:

"In the beginning of this argument we desire to state to the court that it is our belief, under the constitutional provisions of this state and the declaration of principles of law announced by the decisions of this

state, that the bond money derived from a bond issue voted for the purpose of improving certain designated roads which are described in the petition for election and proclamation calling the same, may not be diverted. However, it will be seen, by reading the minutes of the State Highway Commission in connection with the proposed Jefferson county improvement, as it appears on page 4 of the case-made, that the money deposited with the Highway Commission was to be used to pave the present Meridian Highway, following the present marked and maintained road as near as practicable. It would be the contention of the plaintiffs in error, in the trial of the case upon its merits, that the contemplated change in the location of the road would be practicable, and that to construct the same as desired by the defendants in error would occasion the spending of a large amount of money which would not be necessary if constructed upon the route desired by the Commission. With that, however, this court has nothing to do at the present time. If the injunction issued would have restrained only the expenditure of the money deposited with the Highway Commission, there may have been some ground for the court's action. It would not stop, however, at this restraint, but enjoined the Highway Commission from surveying, preparing plans and specifications, advertising for bids and letting contracts except on State Highway No. 2, and if said injunction were to become permanent, it would compel the Highway Commission to expend moneys derived from other sources than the bond issue of Jefferson county. Such is the effect of the court's order in continuing the temporary injunction in force and effect."

This court in Lew Wentz v. Oliver Ingenthorn, 146 Okla. 65, 294 Pac. 154, held that:

"(1) When funds are raised by the issuing of bonds or by taxation for a designated purpose, they cannot be diverted to some other purpose. (2) Where the resolution and proclamation of the board of county commissioners called for an election for the purpose of voting bonds for the construction of permanent roads and designates the roads to be constructed, the board has no authority to expend the proceeds of such bonds on other roads and highways than those designated in the resolution and proclamation, and where such funds are by the board of county commissioners delivered to the State Highway Commission under a contract that said funds will be used for the purpose of constructing such highways, and that the State Highway Commission will furnish the necessary funds to complete all of the roads designated over and above the amount contributed by the county, then the State Highway Commission is without authority to divert said funds turned over to it by the board of county commissioners under such contract for the construction of

roads other than those designated and have no authority to materially change the location of the roads from the place designated in the resolution and proclamation. (3) When officers of the state act under invalid authority, or exceed or abuse their lawful authority, and thereby invade private rights that are secured by the Constitution, an action to redress injuries caused by the unauthorized act is not a suit against the state, since the acts of officials that are not legally authorized, or that exceed or abuse authority or discretion conferred upon them, are not acts of the state. (4) Illegal action taken by state officials may be enjoined, when the ordinary remedies afforded by the courts of law are inadequate. (5) The State Highway Commission is created and vested with powers and duties necessary to fully and effectively carry out all of the objects of the act creating it, and when acting consistently with said act it cannot be enjoined from using the funds in its possession and under its control in constructing and improving highways which it is authorized to construct and maintain, except such funds as are raised by the issuing of bonds or taxation for designated purposes, such funds must be used for the purpose raised and designated."

The same rule was followed by this court in Wentz v. Board of County Commissioners of Lincoln County. Okla., 147 Okla. 173, 295 Pac. 599. It will be noted that the temporary injunction enjoins the State Highway Commission from "doing or performing any act on their part that will alter or change the location of said highway as herein specifically set forth." The petition, proclamation, and notice states that one of the road projects shall be the construction of the Meridian Highway, otherwise known as State Highway No. 2, and U. S. Highway No. 81, along the present route as nearly as practicable. This does not mean that this highway shall be constructed exactly at the place where the present highway is located, but means that the same shall follow the present route of said Highway No. 2 as nearly as feasible and that no material change shall be made in the course of said route.

We are also of the opinion that the injunction should be modified so as to permit the State Highway Commission to survey the route of State Highway No. 2, and to determine what changes, if any, are necessary to be made in State Highway No. 2 so as to make the same feasible and still not materially depart from the course of the highway as proposed in the election proclamation and approved by the electors at the election held for the purpose of voting road bonds, and that the injunction shall be vacated and set aside in so far as it

enjoins the State Highway Commission from using the state highway funds in the construction of other highways in Jefferson county, Oklahoma, as this is a matter over which the judicial branch of the government has no control. As stated in Wentz v. Board of County Commissioners, supra, we cannot control the policy of the executive branch of the state government, if we were so inclined, and so long as the executive branch acts within its lawful powers, the judicial branch has no authority to, and will not, interfere with the proper exercise of the powers and duties belonging to the executive branch.

We have no more jurisdiction to order the State Highway Commission to construct a road at a particular place than we have to tell them from whom to purchase material and how much to pay for the same and whom to employ as engineers or laborers in the construction of the road or what price to pay per mile for the construction of a highway. These are matters purely under the control and supervision of the executive branch of the government, and so long as that branch acts within the law the judicial branch has no control over its policy. The district court had the power and authority to enjoin the State Highway Commission and the board of county commissioners from using any of the funds derived from the sale of the bonds voted by the electors of Jefferson county for any purpose other than the construction of the highways designated in the petition and proclamation at the locations designated or as near thereto as may be feasible, and the State Highway Commission and the board of county commissioners are without authority to materially change the locations and use the funds derived from the sale of the bonds in the construction of any other or different roads than those proposed and voted upon, but the State Highway Commission may use state highway funds or federal aid money in the construction of any roads in Jefferson county or elsewhere that are designated as state highways or state highways upon which federal aid is used as provided by law. We therefore hold that the temporary injunction be modified as herein found to be in excess of the jurisdiction of the district court to grant. There are certain issues raised relative to the alternative writ of mandamus granted by the trial court. However, this case is only before us at this time on appeal from the order refusing to modify the temporary injunction and. we have no jurisdiction to pass upon other issues at this time. However, it appears to us that under the rule announced in the former cases and in this case, that the power

and authority of the courts as well as the rights and duties of the State Highway Commission have been clearly defined and settled in this state. The temporary injunction is therefore ordered modified according to the views herein expressed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. HEFNER, J., absent.