## HAWKS et al. v. SEAY et al.

No. 22166. Opinion Filed June 30, 1931.

J. Berry King, Atty. Gen., and W. C. Lewis, Asst. Atty. Gen., for plaintiffs in error.

J. L. Vertrees and Anderson & Anderson, for defendants in error.

ANDREWS, J. The district court of Oklahoma county, on the application of the defendants in error as plaintiffs, enjoined the members of the State Highway Commission of the state of Oklahoma from proceeding with the construction of a state highway. The membership of the State Highway Commission thereafter changed, and it now consists of the individuals who appear herein as plaintiffs in error. They appealed from the judgment to this court.

The issues of law presented are identical with the issues presented to this court in Wentz v. Dawson, decided May 19, 1931, 149 Okla. 94, 299 Pac. 493. The determination of those issues in that cause makes it unnecessary for us to restate them here. They are herein applied. The facts involved in that case are substantially the same as the facts involved in this case, except as to the location of the roads. We think that there is no material difference in the facts, and for

that reason we will not make any statement as to the facts.

As in that case, the injunction granted by the trial court was erroneous in that it enjoined the State Highway Commission from performing its lawful duties. We do not think that it is necessary to set forth the various particulars in which the injunction granted was erroneous.

We agree with the contention of the plaintiffs in error that the proposition submitted to the qualified voters of the county in the ballot submitted to them is controlling, and that "as nearly as practicable" conveys discretion, but we do not agree with them in their contention that they are not attempting to abuse their discretion, as found by the trial court from the evidence in this cause. In our opinion the evidence in the cause shows an abuse of discretion. By so holding we do not intend to hold that the road must be built on the route designated in the ballot without deviation therefrom. We hold that there may be such deviation therefrom as is necessary by reason of the impracticability of constructing the road on the exact route designated.

While taxpayers may not enforce the contract made between the board of county commissioners and the State Highway Commission, they may enjoin the illegal and unauthorized expenditure of funds provided by the sale of bonds authorized by the qualified electors at an election held for that purpose. The courts have no authority to interfere with the State Highway Commission in its discretion as to the location of highways, but the courts have ample authority to enjoin the State Highway Commission from the illegal and unauthorized expenditure of public funds.

The judgment of the trial court is reversed, and the cause is remanded to the trial court, with directions to modify the injunction granted and to enjoin the plaintiffs in error from using any of the funds derived from the sale of the bonds authorized by the qualified electors of Jefferson county for any purpose other than for the construction of the highways designated in the ballot submitted to those voters at that election on the route therein designated, so far as practicable.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and HEFNER, J., absent.