## HICKMAN et al. v. BOARD OF COM'RS OF POTTAWATOMIE COUNTY et al.

No. 22141.    Sept. 18, 1934.

Waldrep, Akin & High, for plaintiffs in error.

J. Berry King, Atty. Gen., and W. C. Lewis, Asst. Atty. Gen., for defendants in error State Highway Commission.

PER CURIAM. The parties to this action appeared in this court in the same order as they appeared in the trial court, and for brevity will be referred to as plaintiffs and defendants.

Plaintiffs allege in their petition that they prosecute this action for themselves and other persons similarly situated, and that they are residents, citizens, and taxpayers of Pottawatomie county, Okla., and reside along Highway No. 18, running from Shawnee, Okla., north along Harrison avenue to the Lincoln county line and through Lincoln county north to Meeker, Okla., and are interested in said highway.

They allege that the board of county commissioners is composed of A. W. Goar, chairman, and A. J. Ownby and C. E. Ayers, members, and that said board of county commissioners is the fiscal agency and controls the expenditure of money for the improvement of said highway and all other highways in Pottawatomie county desig-nated as county highways, and contributes a portion of the money for the construction of state highways in said county.

Plaintiffs allege that the State Highway Department is a department of the state government, and that said department has control and supervision of the improvement of state highways throughout the state, including Pottawatomie county, and that Lew Wentz is chairman of the State Highway Commission and S. C. Boswell and L. C. Hutson are members thereof and have control of all highways on which either county or state money is expended.

Plaintiffs allege that, in September, 1925, at an election in Pottawatomie county, a road bond issue of $750,000 was voted, the bonds sold, and the money placed in the county treasury of said county for the construction of roads in said county.

That prior to said election, and on or about July 15, 1925, a plan for the improvement of roads in Pottawatomie county was agreed to by the defendants, and that this plan included Highway No. 18 to run from the intersection of Harrison and Highland avenues in the city of Shawnee north to the Lincoln county line, and from there into the town of Meeker, Lincoln county, Okla., and that pursuant to said plan and agreement the bond election was called and a campaign conducted by the citizens of Pottawatomie county and the parties to this action, for said bond issue, on the understanding that said designation of said roads to be improved was permanent and included said Highway No. 18 on the location above described.

The plaintiffs allege that the defendants are now threatening, and will unless enjoined, change the agreed route of said road from Harrison avenue to what is known as Kickapoo street and North street and running north from Shawnee, and unless enjoined will spend $200,000 of said bond issue on the new location of said Highway No. 18 in violation of said plan or designation, and that they have no adequate remedy at law.

Plaintiffs pray for a temporary injunction to be made permanent on final hearing, and for general relief.

To plaintiffs' petition the defendants filed a demurrer on several grounds, including the allegation that plaintiffs' petition failed to state facts sufficient to constitute a cause of action in favor of plaintiffs and against the defendants.

The trial court after a hearing on the de-

murrer entered the following judgment thereon:

"It is therefore ordered, adjudged, and decreed by the court that the demurrers to that portion of the petition in which it refers to bond money be and the same is hereby overruled, but as to the rest of said petition involving other moneys of the State Highway Commission said demurrers be and the same are hereby in all respects sustained."

The plaintiffs excepted to this judgment, and have appealed to this court.

The issues involved in this action are no longer open questions. They have all been settled by the previous opinions of this court in actions similar to this one. In the syllabus to Hawks et al. v. Seay et al., 150 Okla. 160, 1 P. (2d) 148, this court said:

"The State Highway Commission is created and vested with powers and duties necessary to fully and effectively carry out all of the objects of the act creating it, and, when acting consistently with said act, it cannot be enjoined from using the funds in its possession and under its control in constructing and improving highways which it is authorized to construct and maintain, except such funds as are raised by the issuing of bonds or taxation for a designated purpose; such funds must be used for the purpose raised and designated."

The judgment appealed from prevents the expenditure of the money raised by the road bonds issued by Pottawatomie county for any purpose other than for the purpose raised, and does not attempt to interfere with the lawful functions of the State Highway Commission. Wentz et al. v. Board of County Commissioners of Lincoln County, Okla., 147 Okla. 173, 295 P. 599; Wentz et al. v. Ingenthron et al., 146 Okla. 165, 294 P. 154; Wentz et al. v. Dawson, 149 Okla. 94, 299 P. 493.

Upon the authority of the cases cited herein, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge John S. Burger, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion as written was adopted by the court.