## PATILLO v. MOORE BROS. ICE & MILLING CO.

No. 26992. Nov. 23, 1937.

L. V. Orton, for plaintiff in error.

Vilas V. Vernor, for defendant in error.

RILEY, J. This action was brought by defendant in error, referred to herein as plaintiff, against plaintiff in error, herein referred to as defendant, for damages to a

brine tank. The tank, weighing about five tons, was being moved by a horse-drawn oil field wagon along a paved highway. At about 2:15 p. m., the right rear wheel of the wagon broke, causing the tank to overturn, leaving a small portion of the tank and wagon extending onto the paving with the remainder of the tank and wagon lying on the highway shoulder.

Plaintiff, being notified of the breakdown by the driver, went to the scene with repairs which were unsuitable. Realizing it would be dark when they returned with proper repairs, a lantern was placed on the wagon. About 8 p. m., the plaintiff returned with proper repairs and found the brine tank and wagon in the bar ditch at the roadside, where it had been overturned by several men working at the request and under the direction of defendant, Watie Patillo, district maintenance superintendent of the State Highway Commission.

The tank had been moved from the paving and shoulder of the highway by the use of pry poles and testimony was offered tending to show the tank was damaged at the time it was rolled over into the ditch. Verdict and judgment for plaintiff in amount of $250.

The parties stipulated that defendant was a highway maintenance superintendent whose duty it was "to clear the said highway from obstructions of any sort, kind or character." The evidence of the plaintiff shows that the wheels of the wagon extended at least six or eight inches onto the pavement, while some of the defendant's testimony was to the effect that the wagon and tank extended onto the pavement three feet or more and that it was dangerous for two cars to meet and pass at the point of the accident. This evidence was sufficient to show that the tank and wagon constituted an obstruction to the highway.

Under the above stipulation it was the duty of the defendant to remove the obstruction. The question, determinative of this case, then becomes, What is the degree of care that must be exercised by a highway officer when removing a disabled vehicle from the highway?

Defendant contends that such an officer is liable only in event he had wantonly or maliciously injured the property in removing it from the highway, and cites Northrop v. Burrows, 10 Abbott's Practice Reports 365 (N. Y. 1860), in support thereof. We do not find this case in point.

The case of Hicks v. Dorn (1870) 42 N. Y. 47, correctly states the rule applicable to the facts herein. Defendant, an overseer on a portion of the Erie Canal, was charged with the duty of removing obstructions from the canal. Plaintiff's boat was being returned from a private dry dock into the canal when a wall of the dry dock broke because of heavy rains. The boat was left resting in the canal lock extending partially into the canal and partially into the dry dock in such a manner that the lock could not be closed and traffic was interfered with. No notice or opportunity to remove the boat was given to plaintiff. Four possible methods could have been used for removal of the boat, one of which required its destruction. Defendant chose this method, and in affirming judgment for plaintiff, the Court of Appeals used this language:

"In removing or abating nuisances, no unnecessary damage or injury to property can be justified. * * *

"The plaintiff's boat was valuable private property. The plaintiff was in no degree in fault, and he did not in any way contribute to the break that caused the interruption of navigation. The duty of the defendant was imperative to repair the canal, and though the plaintiff's boat was private property, he had the right to destroy it, if such destruction was necessary to enable him to restore navigation. This right did not arise simply because it was more convenient to repair the canal by destroying the boat, nor because this was the cheapest or speediest way to do it. The destruction of this private property should have been a last resort, after other reasonable expedients had failed. When a public officer undertakes to destroy private property under claim of great public or overruling necessity, he takes upon himself the burden of showing such necessity. * * * All the facts were before the referee and it was for him, upon the evidence, to determine whether the defendant discharged his duty as a reasonable, prudent and careful man. * * *"

The decision of a highway officer that a disabled vehicle is an obstruction of the highway is generally conclusive, except where there has been an abuse of authority or discretion. But where an officer is charged with a duty to remove obstructions and he has determined that a disabled vehicle is an obstruction, he then must use due and reasonable care under the circumstances in removing the vehicle and its contents.

The court orally instructed the jury that "* * * In removing the brine tank testified about, the duty devolved upon Patillo to use all due, reasonable and ordinary care

not to damage the property—and the question for the jury is whether or not he removed it an unusual distance or was careless and negligent in his method and manner of removing the same. * * *" This correctly stated the law.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur.