COUNTY BOARD OF EQUALIZATION — QUALIFICATIONS FOR MEMBERSHIP Membership of a person on a Board such as the State Board of Agriculture, a Municipal Planning Commission or a Municipal Hospital Board does disqualify such person from being appointed to a County Board of Equalization under the restrictive provisions of 68 O.S. 2457 [68-2457] (1969); therefore, such person could not be appointed on a County Board of Equalization for two years after the last date on which he was a member of the State Board of Agriculture, a Municipal Planning Commission or a Municipal Hospital Board. The Attorney General has considered your request for an opinion of July 2, 1970, wherein you state and inquire: "I hereby respectfully request an opinion from your office concerning Title 68 O.S. 2457 [68-2457], relative to the qualifications of members of the County Board of Equalization. In considering qualifications of prospective members to this board, I find that several persons who are well qualified for membership on the board are serving, or have served, on various boards and particularly the State Board of Agriculture, Municipal Hospital Boards, and Municipal Planning Commissions. I have a vacancy to fill on the County Equalization Board of McClain County, Oklahoma, and I would appreciate your opinion on this matter at your earliest convenience. "Does membership on a board such as the State Board of Agriculture, or a Municipal Planning Commission, or a Municipal Hospital Board disqualify such person from being appointed to a County Board of Equalization under the restrictive provision of the statute hereinabove cited?" Title 51 O.S. 6 [51-6] (1961), provides: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State." Title 68 O.S. 2457 [68-2457] (1969), in part provides: "A county Board of Equalization is hereby created for each county in the State, composed of three (3) members. One (1) member shall be appointed by the Oklahoma Tax Commission, one (1) member shall be appointed by the district judge or a majority of the district judges in all judicial districts where more than one (1) district judge is elected, and one (1) member shall be appointed by the Board of County Commissioners, and their tenure of office shall be coterminous with that of the County Commissioners. The county clerk shall serve as secretary and clerk of said Board without additional compensation. Provided, however, that no person shall be appointed to membership on said County Board of Equalization who is not a freeholder of the county where he is to serve and who is or has been at any time during the two (2) years preceding his appointment an officer of the State, county, school district or municipal subdivision . . . ." In the case of State v. Sowards, 64 Okl. Cr. 430, 82 P.2d 324, the court, in paragraphs two and three of its syllabus, held: "2. A public office is the right, authority, and duty created and conferred by law, by which for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by and for the benefit of the public. The individual so invested is a public officer. "3. A public officer, as distinguished from an employee, is one whose duties are in their nature public, that is, involving in their performance the exercise of some portion of the sovereign power whether great or small, and in the performance of which the public is concerned. Where an employment is a continuing one, which is defined by rules prescribed by law and not by contract, such a charge or employment is an office, and the person who performs it is an officer." To the same effect see Farley v. Board of Education of City of Perry, 62 Okl. 181, 162 P. 797 and Oklahoma City v. Century Indemnity Co., 178 Okl. 212, 62 P.2d 94. Under the rules set out in Sowards above, a member of the State Board of Agriculture, of a Municipal Planning Commission, or a Municipal Hospital Board and of the County Board of Equalization would be a public officer. Title 51 O.S. 6 [51-6] (1961), prohibits a person from holding two public offices at the same time. Therefore, no person could serve on any two of the Boards and Commissions mentioned in your letter at the same time. It is the opinion of the Attorney General your question be answered in the affirmative. Membership of a person on a Board such as the State Board of Agriculture, a Municipal Planning Commission or a Municipal Hospital Board does disqualify such person from being appointed to a County Board of Equalization under the restrictive provisions of 68 O.S.Supp. 1969, 2457; therefore, such person could not be appointed on a County Board of Equalization for two years after the last date on which he was a member of the State Board of Agriculture, a Municipal Planning Commission or a Municipal Hospital Board. (W. J. Monroe) (ED NOTE: Dual Office Holding) ** SEE: OPINION NO. 77-179 (1977) **