DUAL OFFICE HOLDING A member of the board of education of a school district may not concurrently serve as a member of a metropolitan planning commission established pursuant to 19 O.S. 863.1 [19-863.1] (1971), et seq. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: May a member of the board of education of a school district also be a member of a metropolitan planning commission established pursuant to 19 O.S. 863.1 [19-863.1] (1971), et seq? Title 51 O.S. 6 [51-6] (1971) provides as follows: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State. . . . " This Office has consistently viewed members of school district boards of education as public officers within the meaning of Section 51 O.S. 6 [51-6] of Title 51. Thus, such members are ineligible to serve concurrently in another public office. See Attorney General Opinion 72-127. Membership on a municipal planning commission was held to be a public office within the meaning of the dual-office holding statute in Attorney General Opinion 70-228 which relied upon the following rules set out in paragraphs 2 and 3 of the syllabus by the Court in State v. Sowards, 82 P.2d 324 (1938): "2. A public office is the right, authority, and duty created and conferred by law, by which for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by and for the benefit of the public. The individual so invested is a public officer. "3. A public officer, as distinguished from an employee, is one whose duties are in their nature public, that is, involving in their performance the exercise of some portion of the sovereign power whether great or small, and in the performance of which the public is concerned. Where an employment is a continuing one, which is defined by rules prescribed by law and not by contract, such a charge or employment is an office, and the person who performs it is an officer." We reaffirm Attorney General Opinion Nos. 72-127 and 70-228 as to the offices about which you inquire. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. A member of the board of education of a school district may not concurrently serve as a member of a metropolitan planning commission established pursuant to 19 O.S. 863.1 [19-863.1] (1971), et seq. (Joe C. Lockhart) ** SEE: OPINION NO. 82-583 (1992) ** ** SEE: OPINION NO. 92-583 (1992) ** ** SEE: OPINION NO. 77-154 (1977) **