PRECINCT OFFICIAL — DUAL OFFICE HOLDING Under Oklahoma law, service as a county election precinct judge prohibits serving on a county excise board when said service as precinct official immediately precedes appointment to the excise board. The Attorney General has considered your opinion request, wherein you ask, in effect, the following question: Does service as a county election precinct judge prohibit serving on a county excise board when said service as precinct official immediately precedes appointment to said excise board? Title 68 O.S. 2457 [68-2457] (1971), provides that membership of the county excise board is composed of the members of a county equalization board. Therefore, a person must be appointed to the equalization board to become a member of the county excise board. Section 68 O.S. 2457 [68-2457] also provides in pertinent part: ". . . No person shall be appointed to membership on said County Board of Equalization who . . . has been at any time during the two (2) years preceding his appointment an officer of the State, county, school district or municipal subdivision. . . ." Your question involves a person who served as precinct judge. If he was appointed prior to January 1, 1975, his appointment was pursuant to 26 O.S. 31 [26-31] (1971), which provides in pertinent part: "Selection of precinct boards — . . . Functions — Terms of office. — . . . Such precinct election board shall constitute the board of election officers, for their respective precincts, and shall have complete charge of all elections held in such precincts, . . . " (Emphasis added.) Subsequent sections set the duties and qualifications of precinct board members and again refer to them as officers. If he was appointed after January 1, 1975, his appointment was pursuant to the new election code. The new code provides by statute for the appointment of the judge for a specified term, compensation, removal, and eligibility. Title 26 O.S. 2-124 [26-2-124], 26 O.S. 2-129 [26-2-129] to 26 O.S. 2-131 [26-2-131] (1974). The judge's specific duties are set forth at 26 O.S. 7-107 [26-7-107], 26 O.S. 7-114 [26-7-114] to 26 O.S. 7-116 [26-7-116] (1974), and 26 O.S. 7-125 [26-7-125] (1974), and are not set by contract. The leading Oklahoma ease defining a public officer is State v. Sowards, Okl.,82 P.2d 324 (1938). In Syllabus 3 the Court stated: "A public officer, as distinguished from an employee, is one whose duties are in their nature public, that is, involving in their performance the exercise of some portion of the sovereign power whether great or small, and in the performance of which the public is concerned. Where an employment is a continuing one, which is defined by rules prescribed by law and not by contract, such a charge or employment is an office, and the person who performs it is an officer. Under this rationale and under the statutes already cited above, a county election precinct judge is clearly an "officer". It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Under Oklahoma law, service as a county election precinct judge prohibits serving on a county excise board when said service as precinct official immediately precedes appointment to the excise board. (Daniel J. Gamino) (51 O.S. 6 [51-6])