**In the Matter of D. S. H. et al.**
**No. O-76-24.**

Court of Criminal Appeals of Oklahoma.
May 5, 1976.

Max Carder, Hobart, for appellants.

Paul C. Braun, Dist. Atty., John J. White, Asst. Dist. Atty., Kiowa County, for appellee.

## OPINION

BRETT, Presiding Judge:

Each appellant is a male child under the age of 18 years who was adjudicated delinquent by an order of the Juvenile Division of the District Court, Kiowa County, in Case No. JFJ–75–17. Following that adjudication the Juvenile Court entered an order committing each appellant to the custody of the State Department of Institutions, Social and Rehabilitative Services. They appeal.

The charging portion of the petition which initiated the juvenile proceedings in this case states:

"[T]he facts that bring the said children within the purview of said statutes, are as follows: that they are male children under the age of 18 years who are beyond the control of their parents and who deport themselves so as to injure and endanger their health in that they did on the 21st day of October, 1975, sniff paint and glue, this act being done in Kiowa County."

At the adjudicatory hearing this evidence was presented in support of the allegations made by the petition: Don Tollison, a Deputy Sheriff for Kiowa County, testified that on October 21, 1975, at approximately 8:30 p. m., he was at a high school football game at Hobart. Investigating a certain amount of activity on the opposite side of the stadium, he and Under Sheriff Anthony Pitt found a group of children sitting in a circle on some straw under the bleachers. While he questioned two of them (the younger appellants here), the rest of the group scattered. The deputy testified that the area smelled of paint. The boys also, he testified, smelled of paint, and he detected paint upon the breath of each of them. Approximately 15 to 20 minutes later, according to the deputy's testimony, he discovered two soft drink cans inside a fenced area used to store football equipment. That area was approximately 20 feet from the place where the boys had been sitting. The deputy smelled the contents of the cans and testified that "it appeared to be paint." (Tr. 13) The cans were admitted into evidence. The third appellant, the oldest of the three boys and the brother of one of the other two, was seated in the bleachers while this was happening. On cross-examination, Deputy Tollison testified that this boy came down from the bleachers and joined his younger brother after the deputy had

begun questioning him. The other witness to the boys' conduct, Under Sheriff Anthony Pitt, testified that when the oldest boy approached the group he asked him if he could smell his breath. It smelled, he reported, like paint. Under Sheriff Pitt testified, as had the deputy, that none of the three boys had paint on his person. There was no evidence that the cans discovered beyond the fence had been in the possession of any one of the three appellants, and there was no evidence that any one of the three appellants was, or appeared to be, intoxicated. The final witness for the State at the adjudicatory hearing was a social worker who testified that the boys were 14, 15 and 17 years of age. Each of the three boys then took the stand in his own defense to testify that he had not inhaled paint on the night in question. In rebuttal, the State called the father of two of the boys who testified that he had told the authorities that his younger boy "had been running around and sniffing paint." (Tr. 55)

▮ Appellants contend first that the petition which initiated the juvenile proceedings (set out above) is insufficient to support a finding of delinquency. We agree. In the case of *Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, the United States Supreme Court set the standard for sufficient notice in a delinquency proceeding:

". . . Due process of law requires notice of the sort we have described— that is, notice which would be deemed constitutionally adequate in a civil or criminal proceeding. It does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake without giving them timely notice, in advance of the hearing, of the specific issues that they must meet. . . ." (Footnote omitted) 387 U.S. at 33–34, 87 S.Ct. at 1446.

The petition in this case fails to measure up to that standard.

First, the petition does not allege that the three children are delinquent by reason of the alleged conduct, nor does it request that they be adjudicated delinquent. The Juvenile Court Act defines a delinquent child as one "who has violated any federal or state law or municipal ordinance, excepting a traffic statute or ordinance, or any lawful order of the court made under this act; or (2) . . . who has habitually violated traffic laws or ordinances." [10 O.S.Supp.1972, § 1101(b)] The Act defines a child in need of supervision as one "who is habitually truant from school, or who is beyond the control of his parents, guardian or other custodian, or who habitually deports himself so as to injure or endanger the health or morals of himself or others." [10 O.S.Supp.1972, § 1101(c)] It is clear that the preparation necessary to adequately defend an allegation that a child is in need of supervision is different from the preparation necessary to defend a charge that a child is delinquent. For that reason if proof of the misconduct alleged in the petition may result in the child or children charged therein being adjudicated delinquent, the petition must so state. This much is required by the terms of 10 O.S.Supp.1973, § 1103(b), which lists the necessary matters to be contained in a juvenile petition, and concludes with the requirement that there be a statement of "the relief requested."

▮ Due process of law requires that a juvenile be notified in the same manner as an adult of the charges against him. We hold that in those cases where a charge of delinquency is based upon the violation of a criminal law, the petition must state the offense with the same certainty as is required of a criminal information. A criminal information is not sufficient unless it alleges particular circumstances showing every element of the offense charged. *Fish v. State*, Okl.Cr., 505 P.2d 490; *Carroll v. State*, Okl.Cr., 347 P.2d 812; *State v. Sowards*, 64 Okl.Cr. 430, 82 P.2d 324. Two sections of the Oklahoma Statutes make criminal the inhalation, under certain circumstances, of intoxicating

fumes from glue or paint. Title 63 O.S. 1971, § 465.20(a), provides:

"It shall be unlawful for any person deliberately to smell, inhale, breathe, drink or otherwise consume any compound, liquid, chemical, narcotic, drug or any other substance or chemical containing any ketones, aldehydes, organic acetones, ether, chlorinated hydrocarbons, such as gasoline, glue, fingernail polish, adhesive cement, mucilage, dope or any other substance or combination thereof containing solvents releasing toxic vapors, with the intent to cause conditions of intoxication, inebriation, excitement, elation, stupefaction, paralysis, irrationality, dulling of the brain or nervous system, or any other changing, distorting or disturbing of the eyesight, thinking processes, judgment, balance or coordination of such person."

Title 37 O.S.Supp.1973, § 8, provides, in relevant part:

"Any person who shall, in any public place, or in or upon any passenger coach, streetcar, or in or upon any other vehicle commonly used for the transportation of passengers, or in or about any depot, platform, waiting station, or room . . . inhale glue, paint or other intoxicating substance, or if any person shall be drunk or intoxicated in any public or private road, or in any passenger coach, streetcar, or any public place or building, or at any public gathering . . . from inhalation of glue, paint or other intoxicating substance, . . . and shall disturb the peace of any person, he shall be guilty of a misdemeanor . . ."

It is plain that the petition in the instant case is insufficient to charge a violation of either of these statutes; it, in fact, charges no crime at all. Because of the insufficiency of the petition in this regard, we reverse the finding of the Juvenile Court that each appellant is a delinquent child. We do not reach, therefore, appellants' contention that the State failed to prove the charge of sniffing paint beyond a reasonable doubt as required by *Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368.

The order of the Juvenile Division of the District Court, Kiowa County, adjudicating appellants delinquent children and committing them to the custody of the State Department of Institutions, Social and Rehabilitative Services, is, hereby, *REVERSED*.

BUSSEY and BLISS, JJ., concur.