OFFICERS A school board member may serve as a board member, or member otherwise, of a non-profit rural water district. A school board member may also serve as a board member of a rural electric co-op. A school board member who is a member of a non-profit rural water district may serve as a maintenance man of a rural water district. The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. Can a school board member also serve as a board member of a non-profit rural water district in which the school district is a member and is a user of the water of the rural water district ? "2. Can a school board member also serve as a board member of a rural electric co-op. in which the school board is a member and secures electricity? "3. Can a school board member also be a member of a rural water district in which the school board is a member and a user? "4. Can a school board member who is a member of a nonprofit rural water district serve as a maintenance man of a rural water district?" These questions appear to primarily involve issues arising under Oklahoma's dual office holding prohibition set forth at 51 O.S. 6 [51-6] (1971). This section provides: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State. Provided, that the provisions of this Section will not apply to notaries public and members of the Textbook Commission." Acknowledging the above-quoted prohibition, the questions submitted may only be answered by first determining if the subject offices are public offices (or the individuals public officers) as contemplated within this statute. In this connection, it may be summarily noted that local school district board members are public officers under the laws of the State of Oklahoma. Observing this well-settled point, it must next be determined if a board member of a non-profit rural water district (or a rural electric co-op) is a public officer within the meaning of 51 O.S. 6 [51-6], supra. Rural water districts are creatures of statute formed pursuant to certain prerequisite acts taken by a local board of county commissioners. Title 82 O.S. 1324.3 [82-1324.3] (1978) provides: "Public non-profit rural water districts, public non-profit rural sewer districts, public non-profit natural gas distribution districts and public non-profit rural solid waste management districts may be organized under this act for the purpose of developing and providing an adequate rural water supply, gas distribution facilities, sewage disposal facilities and solid waste management system to serve and meet the needs of rural residents within the territory of the district. The board of county commissioners of each county in this State shall have the power and it shall be their duty, upon a proper petition being presented, to incorporate and order the creation of rural water, sewer, gas and solid waste management districts in the manner hereinafter provided." Regarding the actions of the board of county commissioners in creating such districts, 82 O.S. 1324.6 [82-1324.6] (1978) provides, in part: "The board of county commissioners shall thereupon enter upon its records full minutes of such hearing, together with its order creating the rural district under said corporate name for the purposes of this act. Such districts shall not be political corporations or subdivisions of the state within the meaning of any constitutional debt limitations, nor shall said districts have any power or authority to levy any taxes whatsoever or make any assessments on property, real or personal." Title 82 O.S. 1324.7 [82-1324.7] (1978), relating to the rural water district board of directors, provides: "Immediately following the incorporation of the district by the board of county commissioners, there shall be a special meeting of the owners of land within any such district to select from their number a board of directors and to adopt bylaws for governing and administering the affairs of the district. The number of members of said board, not to exceed nine, shall be determined by a majority vote of those owners of land present. Any original director who shall fail to subscribe to one or more benefit units and pay the established unit fee for each unit to which he subscribes within thirty (30) days after entry in the minutes of the board of a declaration of availability of such benefit units for subscription shall forfeit his office. Those owners of land present at such special meeting may adopt and amend any of such proposed bylaws and may propose or adopt additional or other bylaws. Such bylaws may be amended at any annual or special meeting of the participating members of the district." Prior opinions of the Attorney General have recognized that rural water districts are entities of local government and state agencies for very limited purposes. In 4 Okl.Op.A.G. 93 (Opinion No. 71-164), it was recognized that rural water districts were not political subdivisions of the State of Oklahoma, but were districts and local government for purposes of the Natural Disaster Relief Act of 1950. In _____ Okl.Op.A.G. _____ (Opinion No. 78-205), it was held that a rural water district was an instrumentality of the State of Oklahoma for purposes of the Oklahoma Employment Security Act. However, this Opinion states: "From a review of 82 O.S. 1324.1 [82-1324.1] through 82 O.S. 1326 [82-1326] (1977), relating to rural water, sewer, gas and solid waste management districts, it appears that while such districts are agencies or authorities of the State, they are not strictly speaking, political subdivisions or subdivisions of the State . . . . Thus, rural water, sewer and natural gas and solid waste management districts do not possess general political or governmental authority in the same sense that counties and municipalities possess such authority, but rather only have such authority as is necessary to carry out the specific purposes for which such districts are authorized to be formed." With respect to that which constitutes in law a public office or public officer, this office has previously noted and applied those tests and criteria set forth in the cases of State v. Sowards, 64 Okl. Cr. 430,82 P.2d 324 (1938) and Oklahoma City v. Century Indemnity Company, 178 Okl. 212, 62 P.2d 94 (1936). In Sowards, supra, the Court stated, in paragraphs 2 and 3 of its syllabus: "2. A public office is the right, authority and duty created and conferred by law, by which for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by and for the benefit of the public. The individual so invested is a public officer. "3. A public officer, as distinguished from an employee, is one whose duties are in their nature public, that is, involving in their performance the exercise of some portion of the sovereign power whether great or small, and in the performance of which the public is concerned. Where an employment is a continuing one, which is defined by rules prescribed by law and not be contract, such a charge or employment is an office, and the person who performs it is an officer." In Century Indemnity Company, supra, the Court stated: "Many authorities hold that the chief elements of a public office are: "(a) A specific position may be created or authorized by law; (b) there must be certain definite duties imposed by law on the incumbent; and (c) they must involve the exercise of some portion of the sovereign power. 'A position which has these three elements is presumably an office while one which lacks any of them is mere employment.' " Given the very limited nature and character of a rural water district created pursuant to 82 O.S. 1324.1 [82-1324.1] et seq. (1978) as a public agency and instrumentality of the State of Oklahoma, the nature of the position of the members of the board of the water district as may be reflected within any given corporate bylaws (82 O.S. 1324.7 [82-1324.7], supra) and given the established legal test and criteria for ascertaining those positions which in law constitute public officers within the meaning of 51 O.S. 6 [51-6] (1971), as above noted, we are unable to interpret the subject board member positions to constitute a public office as contemplated by the statutory dual office holding prohibition. Accordingly, no dual office holding would occur by virtue of a member of a school board also serving as a member of the board of directors of a rural water district. For this reason, your first question may be answered in the affirmative. With respect to your second question, this being in essence the same as the first question, except that such question applies to a board member of a rural electric co-op, we would summarily note that we have reviewed the provisions of 18 O.S. 437.1 [18-437.1] et seq. (1971), the Oklahoma Rural Electric Cooperative Act and we have determined that the same reasoning above noted would be applicable to rural electric cooperatives and that accordingly, since a board member of a rural electric cooperative would not be a public officer within the meaning of the statutory prohibition, your second question may also be answered in the affirmative. Your third question asks if a school board member may also be a member of a rural water district in which the school board is a member and a user. We would summarily note that we are aware of no statutory prohibition which would disqualify a school board member from also being a member of a rural water district. However, the question of the propriety of contracts between a school district and a rural water district under these circumstances has been heretofore discussed in a prior opinion of this office. In this connection, we observe that all questions which you have asked appear to additionally invoke certain inquiries which pertain to the general conflict of interest prohibition set forth at 62 O.S. 371 [62-371] (1971) and 70 O.S. 5-124 [70-5-124] (1971). While the last cited statutory provisions do not relate to the dual office holding issue, nor the legality of one being a member of a school board and simultaneously being a member or employee of another board, such cited sections do pertain to the legality of contracts entered into between boards of education of school districts and other entities in which any board member may have a direct or indirect interest. It is our conclusion that the questions asked, in connection with this aspect of the law, have been substantially answered by a prior opinion of this office, this being _____ Okl.Op.A.G. _____ (Opinion No. 77-167). For your review and consideration, a copy of this prior opinion is enclosed herewith. Refer also, 7 Okl.Op.A.G. 129 (Opinion No. 74-181), enclosed. While not asked in this request, your consideration of the potential conflict of interest questions indirectly raised by the subject questions is encouraged in light of the enclosed prior opinions from this office. Your fourth question asks if a school board member who is also a member of a non-profit rural water district may serve as a maintenance man of a rural water district. We would summarily note that there would be no dual office holding problem in connection with this relationship given the status of the maintenance man position as that of an employee as opposed to that of an officer. However, we would again note the potential conflict of interest question indirectly raised by this question, as observed supra, and discussed in Opinion No. 77-167, attached. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: A school board member may serve as a board member, or member otherwise, of a non-profit rural water district. A school board member may also serve as a board member of a rural electric co-op. A school board member who is a member of a non-profit rural water district may serve as a maintenance man of a rural water district. (R. THOMAS LAY) (ksg) ** SEE: OPINION NO. 94-603 (1994) (UNPUBLISHED) ** ** SEE: OPINION NO. 80-127 (1980) **