The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Does service as a member of a school board prohibit service as a member of a county excise board? Title 68 O.S. 2547 [68-2547] (1971) provides that membership of the county excise board is composed of the members of the county equalization board. Therefore, a person must be appointed to the equalization board to become a member of the county excise board. 68 O.S. 2457 [68-2457] also provides in pertinent part: ". . . (N)o person shall be appointed to membership on said County Board of Equalization who . . . has been at any time during the two (2) years preceding his appointment an officer of the State, county, school district or municipal subdivision. . . ." (Emphasis added) Your question involves a person who currently sits as a member of a school board or board of education. His election is governed by the provisions of 70 O.S. 5-117 [70-5-117] (1972) and include as a general power the maintenance and operation of "a complete public school system of such character as the board of education shall deem best suited to the needs of the school districts." Inasmuch as members of a board of education customarily assume office by the electoral process, it is clear that none serve by con tract. The leading case defining a public officer is State v. Sowards, 64 Okl. Cr. 430, 82 P.2d 324 (1938). In syllabus 3, the Court stated: "A public officer, as distinguished from an employee, is one whose duties are in their nature public, that is, involving in their performance the exercise of some portion of the sovereign power whether great or small, and in the performance of which the public is concerned. Where any employment is a continuing one, which is defined by rules prescribed by law and not by contract, such a charge or employment is an office, and the person who performs it is an officer." See also Farley v. Bd. of Education of City of Perry,62 Okl. 181, 162 P. 797 (1917). It is clear under the foregoing authority that a member of a school board or board of education is an "officer." In addition to the prohibition expressed in 68 O.S. 2457 [68-2457] (1971), supra, the following limitation is expressed in 51 O.S. 1971 6 [51-6]. "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State. Provided, that the provisions of this Section will not apply to notaries public and members of the Textbook Commission." It is the opinion of the Attorney General that your question must be answered in the affirmative. A member of a board of education is disqualified from appointment to a county excise board or county equalization board under the restrictive provisions of 68 O.S. 2457 [68-2457] (1971) and 51 O.S. 6 [51-6] (1971); further, a member of a board of education remains disqualified for appointment to a county excise board for a period of two (2) years following the expiration of his membership on the board of education. (MANVILLE T. BUFORD) (ksg)