The Attorney General is in receipt of your request for an official Attorney General's Opinion in which you have asked, substantially, the following questions: Is it unlawful for the Oklahoma Historical Society to contract with and pay sums to another governmental entity or business when that entity or business employs a member of the Society's Board of Directors? The governing Body of the Oklahoma Historical Society is designated as the Board of Directors which is comprised of twenty five (25) members and includes the Governor as an ex officio member. See 63 O.S. 6 [63-6] (1971); Article 4, Constitution of the Oklahoma Historical Society. As the governing body the individual members of the Board of Directors are designated public officers. State v. Sowards, 82 P.2d 324
(Okl. 1938). The Board of Directors is authorized by statute and the provisions of the Constitution of the Oklahoma Historical Society to control the "affairs, moneys, property and effects" of the Society. The proper performance of the above duties is required of each individual director before any approved contract of the Society would be valid and enforceable. Agencies of the State of Oklahoma are also prohibited certain acts under the provisions of the Oklahoma Code of Ethics, 74 O.S. 1401 [74-1401] et seq. (1971), including the following: 74 O.S. 1405 [74-1405]. No state agency shall: (a) Enter into any contract with a state employee of the agency, or with a business in which such person shall have a substantial financial interest, unless the contract is made after public notice and competitive bidding; provided, that this subsection shall not apply to a contract of employment with the state; . . . From your question it is assumed that the contract involved was not let after "public notice and competitive bidding" or that, it was a "contract of employment with the state". The term "substantial financial interest" is defined at 74 O.S. 1403 [74-1403](c) (1971), as "an interest that could result in directly or indirectly receiving a substantial pecuniary gain or sustaining a substantial pecuniary loss as a result of ownership or interest in a business entity, or as a result of salary, gratuity, or other compensation or remuneration from any individual, partnership, organization or association". Under the above provision a state agency is in violation of the Act when the respective contract has a potential for abuse which "could result" in direct or indirect compensation to the public official employe, d by the other party to the instrument. This standard is consistent with the stated purpose of the Act outlined at 74 O.S. 1402 [74-1402] (1971), to not only protect the public "from improper use of authority" but to also "protect public officials and employees from unwarranted assaults on their integrity" by eliminating all potential for abuse. It is therefore the official opinion of the Attorney General that your question be answered as follows: It is a violation of the Oklahoma Code of Ethics for the Oklahoma Historical Society to contract with and pay sums to another governmental entity or business when that entity or business employs a member of the Society's Board of Directors unless said contract is made after public notice and competitive bidding. (JOHNNY J. AKINS) (ksg)