The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: If an individual is a member of an office under state law, is he precluded by dual membership from serving as member of the Board of Directors for a Rural Water District? 51 O.S. 6 [51-6] (1971) provides: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of this State . . . ." The question of a dual office holding prohibition when the membership on a rural water district was one of the positions has been addressed in previous Attorney General's Opinion No. 78-206. In Opinion 78-206 a rural water district was deemed to be a public agency, but the positions on the board were not interpreted as constituting a public office. State v. Sowards,64 Okl.Cr. 430, 82 P.2d 324 (1938), sets forth helpful guidelines for determining whether a given position is a public office: "A public office is the right, authority, and duty created and conferred by law, by which for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of government, to be exercised by and for the benefit of the public. The individual so invested is a public officer. "A public officer, as distinguished from an employee, is one whose duties are in their nature, public, that is, involving in their performance the exercise of some portion of the sovereign power whether great or small, and in the performance of which the public is concerned. Where an employment is a continuing one, which is defined by rules prescribed by law and not by contract, such a charge or employment is an office, and the person who performs it is an officer." To be a public officer the criteria set forth in Oklahoma City v. Century Indemnity Company, 178 Okl. 212, 62 P.2d 94 (1936) must be met. Those elements are: " (a) A specific position may be created or authorized by law; (b) there must be certain definite duties imposed by law on the incumbent; and (c) they must involve the exercise of some portion of the sovereign power. 'A position which has these three elements is presumably an office while one which lacks any of them is mere employment.' " Title 82 O.S. 1324.10 [82-1324.10] (1975), as amended by House Bill No. 1733 (37th Legislature, Second Regular Session, 1980, Ch. 38), confers sovereign power upon the board of directors of rural water districts. Attorney General Opinions Nos. 79-19 and 79-202 have both held rural water district boards to be public offices in dealing with the issues of conflicts of interests and nepotism. Therefore, Opinion No. 78-206 is hereby overruled and withdrawn in so far as the holding that a rural water district board is not a public office and its members are not public officers. Therefore, it is the official opinion of the Attorney General that a person who occupies a public office pursuant to state law may not serve upon the board of directors of a rural water district. Opinion No. 78-206 is hereby overruled as to its determination that a rural water district board is not a public office. (C. ELAINE ALEXANDER) (ksg)